FIN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

DIANNE WRIGHT and CLEVELAND :
WRIGHT,                      :
                             :
              Plaintiffs,    :       CIVIL ACTION NO.
                             :
vs.                          :       1:18-CV-1006-CC
                             :
WAL-MART STORES EAST, LP,    :
                             :
              Defendant.     :

## OPINION AND ORDER

This matter is before the Court on Defendant Wal-Mart Stores East, LP's Bill of Costs [Doc. No. 129]; Plaintiffs' Motion for Reconsideration Concerning the Award of Costs, Motion for an Extension of Time to File an Appeal, and Objection to Defendant's Bill of Costs [Doc. No. 130]; and Defendant's Response to Plaintiffs' Motion for Reconsideration of Bill of Costs and Request for Extension of Time to File an Appeal [Doc. No. 131]. For the reasons stated below, the Court **DENIES** Plaintiffs' Motion for Reconsideration Concerning the Award of Costs, **OVERRULES in part and SUSTAINS in part** Plaintiffs' Objection to Defendant's Bill of Costs, and **GRANTS** Plaintiffs' Request for Extension of Time to File an Appeal.

## I.    BACKGROUND

On January 11, 2021, this Court entered an Opinion and Order [Doc. No. 127] granting Defendant Wal-Mart Stores East, L.P.'s Motion for Summary Judgment.  The Clerk entered Judgment [Doc. No. 128] in favor of Defendant Wal-Mart Stores East, LP ("Defendant" or "Wal-Mart") and ordered that Defendant recover its costs of the action.  On February 3, 2021, Defendant filed its Bill of Costs [Doc. No. 129], seeking to recover $6,014.37 for fees of the clerk and fees for printed or electronically recorded transcripts necessarily obtained for use in the case.

Plaintiffs move the Court to reconsider and alter or amend the Judgment ordering that Defendant recover its costs.  Plaintiffs contend that it would be a manifest injustice for them to have pay Defendant's costs, given their financial circumstances and disability status.  In addition to taking issue with the taxation of costs based on their financial circumstances and disability status, Plaintiffs lodge specific objections to some of the costs that Defendant seeks to recover. Finally, Plaintiffs seek an extension of time to appeal.

Defendant neither consents to nor opposes Plaintiffs' Motion for Award of Costs, and Defendant defers to the Court's discretion as to whether the costs sought are recoverable and the amount of any such recoverable costs.  Defendant does oppose Plaintiffs' request "for the longest possible extension" to appeal.

Defendant urges the Court not to grant an extension beyond seven (7) days from the date of the disposition of the motion.

## II.    MOTION FOR RECONSIDERATION AND TO ALTER OR AMEND

Plaintiffs move the Court to reconsider its Judgment ordering that Defendant recover its costs.  Under the Local Rules of this Court, "[m]otions for reconsideration shall not be filed as a matter of routine practice."  LR 7.2(E), NDGa.  Rather, such motions shall be filed only when "absolutely necessary."  Id.  A motion for reconsideration is appropriate only in light of "(1) newly discovered evidence, (2) an intervening development or change in controlling law, or (3) the need to correct a clear error or prevent manifest injustice."  Jersawitz v. People TV, 71 F. Supp. 2d 1330, 1344 (N.D. Ga. 1999) (citation omitted).

Pursuant to the catch-all provision of Federal Rule 60(b), upon which Plaintiffs also rely, the court may relieve a party from a final judgment for any reason justifying relief from the operation of the judgment.  Fed. R. Civ. P. 60(b)(6).  A motion for relief under Rule 60(b) is committed to the sound discretion of the district court.  Barnes v. Southwest Forest Indus., Inc., 814 F.2d 607, 611 (11th Cir. 1987).  A party seeking relief under Rule 60(b)(6) must show extraordinary circumstances justifying relief.  Toole v. Baxter Healthcare Corp., 235 F.3d 1307, 1316 (11th Cir.  2000).  "The party seeking relief has the burden of showing that

absent such relief, an 'extreme' and 'unexpected' hardship will result." Griffin v. Swim-Tech Corp., 722 F.2d 677, 680 (11th Cir. 1984) (citations omitted).

Federal Rule of Civil Procedure 54(d)(1) states in part, "[u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). A "prevailing party" is the party in whose favor judgment is rendered by the Court. See Util. Automation 2000, Inc. v. Choctawhatchee Elec. Coop., Inc., 298 F.3d 1238, 1248 (11th Cir. 2002). In this case, there is no dispute that Defendant is the prevailing party, as Defendant prevailed on summary judgment.

Courts have discretion to consider a non-prevailing party's financial status in an award of costs pursuant to Rule 54(d). Chapman v. AI Transp., 229 F.3d 1012, 1039 (11th Cir. 2000). However, financial status should be considered in determining the amount of costs awarded only in "rare circumstances." Id. In those rare circumstances, courts should require "substantial documentation of a true inability to pay." Id. This substantial documentation must constitute "clear proof of the non-prevailing party's dire financial circumstances." Id. Furthermore, a district court cannot "consider the relative wealth of the parties" when deciding whether to reduce a cost award or leave it as is. Id. There is a strong presumption that costs should be awarded to a prevailing party, which a district court needs "a sound basis to overcome." Pickett v. Iowa Beef Processors,

4

149 F. App'x 831, 833 (11th Cir. 2005).  Thus, <u>Chapman</u> warned that "[e]ven in those rare circumstances where the non-prevailing party's financial circumstances are considered in determining the amount of costs to be awarded, a court may not decline to award any costs at all."  229 F.3d at 1039 (citing <u>Durrett v. Jenkins Brickyard, Inc.,</u> 678 F.2d 911, 917 (11th Cir. 1982)).

In the instant case, Plaintiff Dianne Wright has provided an affidavit stating that no one in her family is employed because her husband and daughter have physical and mental health conditions and she had to stop working herself in 2008 to care for both of them.  Mr. Wright has several mental and physical illnesses, including PTSD, prostate cancer, high blood pressure, sleep apnea, and an unknown health condition that causes him to pass out.  Their daughter, who is 40, suffers from extreme bipolar disorder and was hospitalized four times in 2020 alone.  Mrs. Wright, who was injured herself in the slip-and-fall incident that was the subject of this lawsuit and in a motor vehicle accident, attests that her family has no income other than retirements and social security.  Mrs. Wright further attests that she spends so much time driving her husband and herself to medical appointments and tending to the care of her daughter that she is not in a position to be able to take on a job.  She also states that it would take them years to try to pay the costs sought by Defendant and that doing so would be very stressful.

5

In addition to Mrs. Wright's affidavit, Plaintiffs have provided medical documentation concerning Mr. Wright.  A couple of the documents show the various medications he has been prescribed, and the other documents are evidence of some of his medical appointments.

The Court sympathizes with Plaintiffs and has no doubt that circumstances are very challenging for the family.  However, Plaintiffs have not provided substantial documentation of a true inability to pay so as to overcome the strong presumption that costs should be awarded to a prevailing party.  Plaintiffs have provided detailed information about their medical conditions but no specific information or documentation concerning their finances.  Plaintiffs have not, for example, provided information regarding how much money the family has in any bank accounts or the amount of income they receive from retirement, social security, and any disability benefits.  Plaintiffs also have not provided any information or documentation regarding the amounts of their expenses.  Given these deficiencies, the Court finds that Plaintiffs have not demonstrated a manifest injustice will result, absent reconsideration, or that extraordinary circumstances justify relief.  Accordingly, in addition to this Court's inability to decline to award Defendant costs at all, Plaintiffs have not provided substantial documentation that would justify reducing the costs awarded to Wal-Mart.  See Morris v. Precoat Metals, No. 2:11–cv–0053–SLB, 2013 WL 830868, at *8 (N.D. Ala. March 4, 2013)

(finding that affidavit with self-serving statements of an inability to pay costs is not the substantial documentation required to show a true inability to pay).

Plaintiffs also mention that Wal-Mart is a large corporation with profits potentially in the billions, but the law is clear that the relative financial means of the parties is not a relevant or acceptable factor to consider in determining costs. See Chapman, 229 F.3d at 1039 ("[W]hen awarding costs a district court should not consider the relative wealth of the parties."). As such, the Court disregards all statements made about the finances of Wal-Mart or the relative means of the parties.

In conclusion, the Court finds that the disability status of Mr. Wright and Plaintiffs' daughter does not justify reconsidering or altering or amending this Court's Judgment awarding Defendant costs and that Plaintiffs have not provided the substantial documentation required for this Court to take Plaintiffs' financial circumstances into account. Plaintiffs' Motion for Reconsideration Concerning the Award of Costs is denied.

## III.   OBJECTIONS TO BILL OF COSTS

Plaintiffs next object to certain of the costs that Defendant seeks to recover. "Section 1920 enumerates expenses that a federal court may tax as a cost under the discretionary authority found in Rule 54(d)." Crawford Fitting Co. v. J.T. Gibbons,

Inc., 482 U.S. 437, 441–442, 107 S. Ct. 2494, 96 L. Ed. 2d 385 (1987).  This statute

provides, in pertinent part, the following:

> A judge or clerk of any court of the United States may tax as costs the following:
> (1) Fees of the clerk and marshal;
> (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
> (3) Fees and disbursements for printing and witnesses;
> (4) Fees for exemplification and the costs of making of any materials where the copies are necessarily obtained for use in the case;
> (5) Docket fees under section 1923 of this title;
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920.

A. Deposition Transcripts

"Fees for printed or electronically recorded transcripts necessarily obtained for use in the case" are permitted.  28 U.S.C. § 1920(2).  If a deposition relates to issues in the case and the deposition was used at trial or in conjunction with a summary judgment motion, then the costs are generally recoverable.  United States EEOC v. W&O, Inc., 213 F.3d 600, 621 (11th Cir. 2000) (citation omitted); accord Watson v. Lake Cty., 492 F. App'x 991, 996 (11th Cir. 2012) (per curiam).

Although the taxation of deposition costs is authorized by § 1920, "where the deposition costs were merely incurred for convenience, to aid in thorough preparation, or for purposes of investigation only, the costs are not recoverable." W&O, Inc., 213 F.3d at 620.  The question of whether deposition costs are taxable

depends on the factual question of whether the deposition was "wholly or partially necessarily obtained for use in the case." Id. at 621 (quotation omitted).

Defendant seeks to recover costs related to five depositions taken in this case. One of the depositions was noticed by Defendant – the deposition of Plaintiff Dianne Wright. The other four depositions were noticed by Plaintiffs. These depositions were of Wal-Mart employees Anthony Santos, Yolanda Dawkins, Victor Effah, and Trevor Johnson.

Plaintiffs object to Defendant's request for the fees associated with the deposition of Plaintiff Dianne Wright. Plaintiffs argue that a prevailing party is not entitled to recover costs for copies of a deposition if the prevailing party was the party to take the deposition. While the Court recognizes that there is some authority that supports this position, see, e.g., George R. Hall, Inc. v. Superior Trucking Co., 532 F. Supp. 985, 995 (N.D. Ga. 1982), this Court disagrees with the reasoning underlying that line of authority. George R. Hall, Inc. and its progeny reasoned that that any copies of a transcript noticed by the prevailing part must be only for convenience since the prevailing party has access to the original deposition transcript. Id.

As explained in DiCecco v. Dillard House, Inc., 149 F.R.D. 239 (N.D. Ga. 1993), however, "an original deposition taken by a party must remain sealed in an envelope unless otherwise ordered by the court." Id. at 242 (citing Fed. R. Civ. P.

30(f)(1)).  As such, "[a] party's possession of an original deposition transcript is virtually meaningless from [a] practical standpoint."  Id.  Therefore, in general, all parties "require [at least] one copy of each original deposition" taken in the case, regardless of who took the deposition.  Id.  Based on this reasoning, which the Court finds persuasive, the costs of Plaintiff Dianne Wright's deposition transcript and one copy thereof may be taxed against Plaintiffs.  See id. at 243.

Plaintiffs next object to the costs associated with the depositions of Wal-Mart employees Anthony Santos, Yolanda Dawkins, Victor Effah, and Trevor Johnson. Defendant relied on these depositions in support of its summary judgment motion, which suggests that the depositions were reasonably necessary for use in the case, and all of these witnesses had relevant information that was within the bounds of discovery.  The Court ultimately found that the videotape evidence produced and relied upon by Defendant was determinative of Defendant's lack of liability in this case, and Plaintiffs argue that this made Defendant's reliance on the depositions unnecessary.  However, even if the depositions were not critical to Defendant's ultimate success on summary judgment, Plaintiffs "ha[ve] not demonstrated that any portion of the depositions was not 'related to an issue which was present in the case at the time the deposition was taken.'"  W&O, 213 F.3d at 621 (quoting Independence Tube Corp. v. Copperweld Corp., 543 F. Supp.

717, 718 (N.D.Ill.1982)).  Therefore, the Court declines to find that the copies of these deposition transcripts were unnecessary.

### B.  DVDs and Video Depositions

Defendant seeks to recover costs for a synched DVD of the depositions of Anthony Santos and Yolanda Dawkins and a DVD file of Wal-Mart's 30(b)(6) deposition.  These DVDs appear to have been for Defendant's convenience only, and Defendant has not made any effort to demonstrate that the DVDs were necessarily obtained for use in this case.  As such, the Court will reduce the costs to which Defendant is entitled by $694.82.

### C.  Exhibits

Defendant seeks to recover for deposition exhibit costs.  A party seeking costs for deposition exhibits must prove that copying the exhibits was necessary, as opposed to a mere convenience.  Jackson v. Fulton Co., NO. 1:12-CV-0518-ODE, 2016 WL 11544909, at *3 (N.D. Ga. Feb. 11, 2016).  Defendant has not attempted to prove that the copies of the deposition exhibits at issue were necessary.  Therefore, the Court reduces Defendant's recoverable costs by $59.95, including $7.25 for searchable exhibits to Plaintiff Dianne Wright's deposition, $.20 for an extra set printed to attach to the original deposition transcript of Dianne Wright, $6.75 for searchable exhibits to the deposition of Anthony Santos, $5.00 for searchable exhibits to the deposition of Yolanda Dawkins, $5.00 for searchable exhibits to the

deposition of Trevor Johnson, and $35.75 for printed hard copies of exhibits (with searchable scans) to the 30(b)(6) deposition of Wal-Mart.

D. Delivery Charges

Defendant seeks to recover for postage and shipping and handling charges. However, postage and shipping and handling charges by court reporters are not taxable. See Duckworth v. Whisenant, 97 F.3d 1393, 1999 (11th Cir. 1996) (finding district court abused its discretion by taxing costs for shipment). Accordingly, the Court reduces Defendant's costs by $72.50, including $22.50 for postage for the deposition transcript of Plaintiff Dianne Wright, $25.00 for the shipping and handling of the deposition transcript of Trevor Johnson, and $25.00 for the shipping and handling of Wal-Mart's 30(b)(6) deposition transcript.

E. Parking

Included among the costs for which Defendant seeks to recover is a $14.00 parking charge incurred by the court reporter. Parking is not enumerated as a recoverable cost in 28 U.S.C. § 1920. See Davis v. Cruise Operator, Inc., No. 16-cv-62391-BLOOM/Valle, 2017 WL 4347031, at *3 (S.D. Fla. Sept. 29, 2017) ("Parking is not a taxable cost under § 1920 and Defendant is precluded from recovering [such a] fee."). Moreover, incidental charges of a court reporter generally are not recoverable. See ACMG of Louisiana, Inc. v. Towers Perrin, Inc., NO. 1:04-CV-1338-RWS, 2009 WL 10671022, at *2 (N.D. Ga. Sept. 25, 2009) (stating that

12

"incidental expenses associated with depositions are not appropriate" and finding that the defendant was not entitled to recover costs for parking); accord Halliburton Energy Servs., Inc. v. M–I, LLC, 244 F.R.D. 369, 371 (E.D. Tex. 2007) (finding incidental costs associated with depositions, such as parking, are generally not recoverable under § 1920).

F.  Removal Fee

The costs for the filing fee in the district court on removal are compensable under Section 1920, which states that the Clerk of the Court may tax costs for "(1) [f]ees of the clerk and marshal." Hall v. Freeman, No. 1:07-CV-0831-JOF, 2008 WL 11322130, at *2 (N.D. Ga. June 11, 2008).  There is nothing in the language of Section 1920 that would preclude the filing fee paid on removal.  As such, Defendant is entitled to recover the $400 removal fee.

## IV.   EXTENSION OF TIME TO FILE APPEAL

Pursuant to 28 U.S.C. § 2107(a), a party must generally file a notice of appeal within thirty (30) days of entry of the judgment being appealed.  Section 2107(c) provides, however, that a district court may extend the time for filing an appeal upon a showing of excusable neglect or good cause.  The Court may extend the time for filing until sixty (60) days after the Court's judgment, or fourteen (14) days after the date of the Court's order granting the motion, whichever is later.  See Fed. R. App. P. 4(a)(5)(C).

Having considered Plaintiffs' requested extension and Wal-Mart's position on the same, the Court will grant Plaintiffs seven (7) days from the date of this Order to file any notice of appeal.  Considering the additional time that Plaintiffs have had while this motion has been pending, seven (7) days is a sufficient amount of time.

## V.    CONCLUSION

Based on the foregoing, the Court **DENIES** Plaintiffs' Motion for Reconsideration Concerning the Award of Costs, **OVERRULES in part and SUSTAINS in part** Plaintiffs' Objection to Defendant's Bill of Costs, and **GRANTS** Plaintiffs' Request for Extension of Time to File an Appeal to the extent set forth herein.

Defendant is **AWARDED** costs in the amount of $5,173.10, and the Court **DIRECTS** the Clerk of Court to tax these costs in favor of Defendant and against Plaintiffs.

Further, Plaintiffs are **GRANTED** seven (7) days from the date of this Order to file any notice of appeal.

SO ORDERED this 26th day of March, 2021.

s/  *CLARENCE COOPER*
CLARENCE COOPER
SENIOR UNITED STATES DISTRICT JUDGE